United States District Court
Southern District of Texas
**ENTERED**
October 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES, § | | |
|    Plaintiff/Respondent, § | | |
| § | | |
| v. § | | Cr. No. 2:15-173-1 |
| § | | (Ca. No. 2:16-006) |
| OMAR SALAZAR-ROSALES, § | | |
|    Defendant/Movant. § | | |

**MEMORANDUM OPINION & ORDER**

Omar Salazar-Rosales filed a motion vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 23. The Government responded to the motion and filed a motion for summary judgment. D.E. 30. Salazar-Rosales did not file a reply.

**I.   BACKGROUND**

In February 2015, Salazar-Rosales was charged with illegal reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b). He pled guilty without a plea agreement before a federal Magistrate Judge. The Court adopted the finding and recommendation on Salazar-Rosales' plea of guilty.

The Probation Department prepared a Presentence Investigation Report (PSR). D.E. 15. Salazar-Rosales' base offense level for illegal reentry was 8, but was increased by 16 levels due to his prior conviction for a crime of violence, Aggravated Robbery. After acceptance of responsibility, his total offense level was 21. Salazar-Rosales had previous convictions and a criminal history category of III. His guideline sentencing range was 46 to 57 months' imprisonment.

The Court adopted the PSR and sentenced Salazar-Rosales to 48 months' imprisonment and a special assessment of $100. Judgment was entered on July 31, 2015. Salazar-Rosales did not appeal, but instead filed the pending motion in January 2016. It is timely.

## II.  MOVANT'S CLAIMS

Salazar-Rosales challenges the application of the 16-level enhancement pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015), on the grounds that the crime of violence provision is unconstitutionally vague. He claims that *Johnson* should be applied retroactively.

## III.  ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.     Crime of Violence**

Salazar-Rosales was convicted in 1996 of aggravated robbery with a deadly weapon finding, in violation of Texas Penal Code § 29.03. At sentencing, the Court had before it the Texas judgment of conviction and indictment.

Salazar-Rosales argues that 8 U.S.C. § 1326 (b)(2) requires punishment enhancement for persons previously convicted of an "aggravated felony" as defined by 8 U.S.C. § 1101(43), which in turn relies on 18 U.S.C. § 16 for its definition of "crime of violence," and § 16(b) is identical to the residual clause held to be unconstitutionally vague in *Johnson*. As a result, he claims his previous aggravated robbery conviction should not have been used to enhance his punishment by 16 levels.

The Government responded that the Sentencing Guidelines provision § 2L1.2 was used for the enhancement, and that definition of crime of violence includes robbery as an enumerated offense. As a result, the government argues that the challenged residual clause is not implicated and the enhancement was properly applied.

*Johnson* considered the residual clause in 18 U.S.C. § 924(e)(2) and determined that it was void for vagueness.  135 S.Ct. at 2556. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> § 924(e)(2)(B) (emphasis added).

The closing words of this definition, italicized above, have come to be known as the Act's residual clause.  *Johnson*, 136 S.Ct. at 2555-56.

Sentencing Guideline § 2L1.2 defines a crime of violence in similar terms, but lists additional enumerated crimes and includes a use-of-force provision like that in § 924(e)(2)(B)(i):

> "Crime of violence" means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, *robbery*, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 Application notes 1(B)(iii) (emphasis added). The crime of robbery is specifically listed as a crime that qualifies as a crime of violence. Because robbery is an enumerated offense, it does not implicate *Johnson's* holding that the residual clause violates the Due Process Clause.

The Fifth Circuit has previously decided that "Texas robbery is categorically a 'crime of violence' for purposes of USSG § 2L1.2(b)(1)(A)(ii)." *United States v. Santiesteban-Hernandez*, 469

3

F.3d 376, 381 (5th Cir. 2006), *abrogated on other grounds by United States v. Cabecera Rodriguez*, 711 F.3d 541, 548 (5th Cir. 2013) (en banc); *see also United States v. Ortiz-Rojas*, 575 Fed. App'x 494, 495 (5th Cir. 2014) (unpublished) (citing *Santiesteban-Hernandez*). Robbery is a lesser included offense of aggravated robbery and requires the defendant to cause bodily injury or use or exhibit a deadly weapon. *See Rose v. Johnson*, 141 F. Supp.2d 661, 715-16 (S.D. Tex. 2001); TEX. PENAL CODE § 29.03(a).[1]

Salazar-Rosales' indictment for aggravated robbery does not specify which portion of § 29.03 was used, but recites that Salazar, in the course of committing theft, "intentionally and knowingly cause[d] bodily injury to said complainant, BY STRIKING COMPLAINANT WITH HIS HAND AND A SCREWDRIVER AND BY STABBING SAID COMPLAINANT WITH A SCREWDRIVER, and said defendant did then and there use and exhibit a deadly weapon, to-wit: SCREWDRIVER." D.E. 16, p. 6. The judgment includes a finding of use of a deadly weapon. Using the categorical approach, the indictment charges aggravated robbery by using or displaying a deadly weapon pursuant to Texas Penal Code § 29.03(a)(2). The use or exhibition of a deadly weapon is an element of aggravated robbery and is included within the use of force provision of § 2L1.2(b), application note 1(B)(iii). *Johnson* is not implicated by the enhancement of Salazar-Rosales' offense level due to his prior conviction for a crime of violence.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Salazar-Rosales has not yet filed a notice of appeal, the § 2255 Rules

---

[1] Aggravated robbery is defined by the Texas Penal Code as follows: "A person commits an offense, if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he: 1) causes serious bodily injury to another; 2) uses or exhibits a deadly weapon . . . ." *Id*.

4

instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Salazar-Rosales cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, Salazar-Rosales' motion vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 23) is **DENIED** with prejudice. Additionally, he is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 5th day of October, 2016.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

5